RANDOLPH, Senior Circuit Judge,
concurring in part and concurring in the judgment:
When the National Labor Relations Board deviates from precedent without “offering] any reason whatsoever for” doing so, Maj. Op. at 69, its action is “arbitrary and capricious” under § 706(2) of the Administrative Procedure Act, 5 U.S.C. § 706(2).[1] In such cases, the APA instructs reviewing courts to “hold unlawful and set aside ” such “agency action.” Id. (emphasis added). Despite this command, many of our NLRB decisions simply remand to the Board for further proceedings without requiring anything to be “set aside.” See, e.g., Manhattan Ctr. Studios, Inc. v. NLRB, 452 F.3d 813, 821 (D.C.Cir. 2006) (per curiam); LeMoyne-Owen Coll. v. NLRB, 357 F.3d 55, 61 (D.C.Cir.2004); *71 Randell Warehouse, 252 F.3d at 448-49; Brusco Tug & Barge Co. v. NLRB, 247 F.3d 273, 278 (D.C.Cir.2001); Lee Lumber & Bldg. Material Corp. v. NLRB, 117 F.3d 1454, 1460 (D.C.Cir.1997) (per curiam); Gen. Electric Co. v. NLRB, 117 F.3d 627, 636 (D.C.Cir.1997).
It is easy to see why we remand: to give the Board another chance to explain “apparent departures from precedent.” Gen. Electric, 117 F.3d at 636. Less clear is why remand-only is a proper disposition in view of § 706(2)’s command that the court “set aside” the unlawful agency action. One explanation is that the court simply has not given any particular thought to this remedial wrinkle. There is some evidence to support this theory. In other failure-to-explain cases, we have vacated the Board’s order in addition to remanding. See, e.g., Trump Plaza Assocs. v. NLRB, 679 F.3d 822, 826-27, 831-32 (D.C.Cir.2012); Nathan Katz Realty, LLC v. NLRB, 251 F.3d 981, 993 (D.C.Cir.2001); Bufco Corp. v. NLRB, 147 F.3d 964, 971 (D.C.Cir.1998); Teamsters Local Union Nos. 822 & 592 v. NLRB, 956 F.2d 317, 321 (D.C.Cir.1992); see also Pirlott, 522 F.3d at 432. Yet there is no difference between these decisions and those in which the court seems to order only a remand. No opinion of our court has ever tried to reconcile the two lines of cases or even recognized the split.
I explained in Comcast Corp. v. FCC, 579 F.3d 1, 10 (D.C.Cir.2009) (Randolph, J., concurring), and Checkosky v. SEC, 23 F.3d 452, 491 (D.C.Cir.1994) (separate opinion of Randolph, J.), why courts holding an administrative rule or order unlawful must vacate the offending agency action in light of APA § 706(2). But orders of the National Labor Relations Board are somewhat unique. Unlike the orders of other administrative agencies, Board orders are not self-executing. “A party can ... violate the order with impunity. To put teeth into one of its orders the Board must persuade a court of appeals to enforce the order — in effect, to issue an injunction commanding obedience.... ” NLRB v. Thill, Inc., 980 F.2d 1137, 1142 (7th Cir.1992); see also Mitchellace, Inc. v. NLRB, 90 F.3d 1150, 1159 (6th Cir.1996); NLRB v. Long Island Coll. Hosp., 20 F.3d 76, 82 (2d Cir.1994); Robert A. Gorman & Matthew W. Finkin, Basic Text on Labor Law 14 (2d ed. 2004). One may therefore say that when a court grants a petition for review and denies the Board’s cross-application for enforcement of its order (its “agency action”), there effectively is nothing left to set aside. There is no agency action that commands, dictates, or requires. Unlike a remand-only disposition in other areas of the law, no party is required to comply with the unlawful order while the Board reconsiders the matter on remand. The court’s judgment enforcing the Board’s order, and only that judgment, mandates obedience. In the limited universe of the National Labor Relations Act, therefore, the grant of a petition for review and the denial of a cross-application for enforcement may be viewed as the equivalent of setting aside the Board’s order. Or one may say that in such cases the court’s failure to vacate the Board’s order constitutes harmless error.
Still, it is more tidy and certainly more in keeping with the APA to vacate unlawful orders when we remand cases to the Board. I therefore would vacate the Board’s order before remanding.

. Although we did not decide whether the APA applies to judicial review of Board orders in Diamond Walnut Growers, Inc. v. NLRB, 113 F.3d 1259, 1266 (D.C.Cir.1997) (en banc), later cases make clear that it does. See, e.g., NLRB v. Ky. River Cmty. Care, Inc., 532 U.S. 706, 712, 121 S.Ct. 1861, 149 L.Ed.2d 939 (2001); Allentown Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 374, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998); Pirlott v. NLRB, 522 F.3d 423, 432 (D.C.Cir.2008); W & M Props. of Conn., Inc. v. NLRB, 514 F.3d 1341, 1348 (D.C.Cir.2008); Tasty Baking Co. v. NLRB, 254 F.3d 114, 123 (D.C.Cir.2001); Randell Warehouse of Ariz., Inc. v. NLRB, 252 F.3d 445, 449 (D.C.Cir.2001); Willamette Indus., Inc. v. NLRB, 144 F.3d 877, 880 (D.C.Cir. 1998); see also NLRB v. Curtin Matheson Scientific, Inc., 494 U.S. 775, 803-04, 110 S.Ct. 1542, 108 L.Ed.2d 801 (1990) (Scalia, J., dissenting). This makes sense given that the APA applies to final agency actions "except to the extent that statutes preclude judicial review, or agency action is committed to agency discretion by law.” 5 U.S.C. § 701(a)(1) & (2); see also Attorney General's Manual on the Administrative Procedure Act 9 (1947) ("The Administrative Procedure Act applies, with certain exceptions [not relevant here], to every agency and authority of the Government.” (emphasis added)); id. at 15, 98 (indicating that the APA applies to Board orders). There are no such limitations in the National Labor Relations Act.